**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| VIRGINIA-HIGHLAND RESTAURANT, | ) | Jointly Administered Under |
| LLC and RESTAURANT 104 LLC, | ) | CASE NO. 20-70718-bem |
| | ) | |
| Debtors. | ) | |

**MOTION (A) TO ESTABLISH A BAR DATE FOR FILING PROOFS OF CLAIM INCLUDING REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS UNDER 11 U.S.C. § 503(b)(9); (B) FOR APPROVAL OF BAR DATE NOTICE AND PROOF OF CLAIM FORM; AND (C) FOR APPROVAL OF OTHER PROCEDURES**

COME NOW Virginia-Highland Restaurant, LLC ("**VH Restaurant**") and Restaurant 104 LLC ("**Restaurant 104**"), debtors and debtors-in-possession (collectively, the "**Debtors**") in the above-styled jointly administered case (the "**Case**"), by and through the undersigned counsel, and file this motion seeking entry of an order, pursuant to Federal Rule of Bankruptcy Procedure 3003(c), (a) fixing the time within which proofs of claim, including requests for payment of administrative expense claims under 11 U.S.C. § 503(b)(9), must be filed, (b) for approval of a bar date notice and proof of claim form, (c) and approval of other procedures in the Case (the "**Motion**"), substantially in the form of Exhibit A attached hereto.   In support of this Motion, the Debtors show the Court as follows:

**Background**

1.

On October 13, 2020, (the "**Petition Date**"), the Debtors each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").   The Debtors are authorized to operate their businesses as debtors-in-possession pursuant to Sections

1107 and 1108 of the Bankruptcy Code.   No request has been made for the appointment of a trustee or examiner, and no committee has been appointed in this Case.

2.

The Debtors own and operate a Hudson Grille restaurant and sports bar in the Sandy Springs area of metropolitan Atlanta (the "**Hudson Grille Sandy Springs**").   Prior to the COVID-19 pandemic and subsequent forced shutdown in March 2020, the Hudson Grille Sandy Springs had operated continuously since 2011.   The Hudson Grille Sandy Springs is well established in the local community.   It serves a wide variety of food and drink offerings, including, among other things, burgers, steaks, fresh seafood, wings and a large selection of draft beers.   In addition, it is known as one of the top sports bars in the area.

3.

On or about November 6, 2020, the Debtors each filed their Statement of Financial Affairs and Schedules of Assets and Liabilities (collectively, the "**Schedules**") with the Court.

**<u>Jurisdiction</u>**

4.

This Court has jurisdiction of this Motion pursuant to 28 U.S.C. § 1334.   Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.   This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).   The statutory predicate for the relief requested is Rule 3003(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**<u>Relief Requested</u>**

5.

Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which proofs of claim must be filed in Chapter 11 cases.   Bankruptcy Rule 3003(c)(2) provides that any creditor

- 2 -

whose claim is not scheduled or whose claim is scheduled as disputed, contingent, or unliquidated must file a proof of claim.  By this Motion, the Debtors respectfully request that the Court establish a bar date for filing proofs of claim and establish procedures in connection therewith. The Debtors request that any person or entity, including all governmental units (as such term is defined in Section 101(27) of the Bankruptcy Code), including, without limitation, each individual, partnership, joint venture, corporation, estate and trust that asserts a claim (as defined in Section 101(5) of the Bankruptcy Code) against either or both of the Debtors (i) arising prior to the Petition Date and which is not exempt pursuant to Bankruptcy Rule 3003(c)(2); (ii) for payment pursuant to Section 503(b)(9) of the Bankruptcy Code based on the value of goods received by the Debtor(s) within twenty (20) days prior to the Petition Date, or (iii) arising from the rejection of an executory contract or unexpired lease (unless otherwise stated in the order authorizing rejection) be required to file an original, written proof of such claim on or before the Bar Date (as defined below).   The Debtors seek entry of an order approving the use of a form that substantially conforms to the proof of claim form attached hereto as Exhibit B (a "**Proof of Claim**").

6.

Accordingly, the Debtors request that the Court establish 5:00 p.m. (Eastern) on March 31, 2021, as the last date by which proofs of claim and requests for payment of administrative expense claims under Section 503(b)(9) of the Bankruptcy Code must be filed by all non-governmental units (the "**General Bar Date**").   The Debtors also request that the Court establish 5:00 p.m. (Eastern) on April 11, 2021, as the last date by which proofs of claim and requests for payment of administrative expense claims under Section 503(b)(9) of the Bankruptcy Code must be filed by any governmental units (the "**Governmental Unit Bar Date**", and together with the General Bar Date, the "**Bar Dates**").   The fixing of these dates as the Bar Dates will enable the Debtors to

receive, process, and begin their analysis of creditors' claims in a timely and efficient manner. The proposed General Bar Date will give creditors in excess of forty-five (45) days to prepare and file proofs of claim and requests for payment of administrative expense claims under Section 503(b)(9) of the Bankruptcy Code.  A forty-five day time period within which to file claims should be more than adequate in all but unusual circumstances, which can be handled by individually requested extensions.

7.

Establishment of the Bar Dates will be beneficial to the reorganization process in that all parties in interest will be able to ascertain the amount and nature of the various claims that will be addressed pursuant to any Chapter 11 plan.

8.

The Debtors request that the following persons or entities not be required to file a Proof of Claim on or before the Bar Dates, as applicable:

(a)     any person or entity that has already properly filed with the Clerk of the Court a proof of claim using a claim form that substantially conforms to Form B10 (Official Form No. 10);

(b)     any person or entity (i) whose claim is listed on the Schedules, (ii) whose claim is not described as "unknown," "disputed," "contingent" or "unliquidated," and (iii) who does not dispute the amount or nature of its claim as set forth in the Schedules;

(c)     any person or entity asserting a claim under Section 507(a)(2) of the Bankruptcy Code as an administrative expense of the Bankruptcy Case, **EXCEPT** for those

parties asserting a claim pursuant to Section 503(b)(9) of the Bankruptcy Code, which claims must be filed as set forth herein;

(d)     any director, officer or employee of the Debtors as of the Petition Date that has or may have claims against the Debtors for indemnification, contribution, subrogation or reimbursement; and

(e)     any person or entity that holds a claim that has been allowed by an order of the Court entered on or before the Bar Date.

**Consequences of Failure to File a Proof of Claim**

9.

The Debtors propose that, pursuant to Bankruptcy Rule 3003(c)(2), any person or entity that is required to file a timely proof of claim who fails to do so on or before the applicable Bar Date shall not, with respect to such claim, be treated as a creditor of the Debtors for the purpose of voting upon any plan of reorganization of the Debtors; shall not receive or be entitled to receive any payment or distribution of property from the Debtors, their estates, or their successors or assigns with respect to such claim; and shall be barred from asserting such claim against the Debtors, their estates, or their successors or assigns.

10.

Pursuant to Bankruptcy Rule 2002(a)(7), the Debtors propose to mail a notice in a form substantially similar to the notice attached hereto as Exhibit C (the "**Bar Date Notice**") along with a Proof of Claim form to:  (i) the Office of the United States Trustee; (ii) each creditor listed on mailing matrix maintained by the Court, including all creditors listed in the Schedules; and (iii) all parties who have filed a written request for notice in the Bankruptcy Case.  The proposed Bar Date Notice notifies the above-referenced parties of the Bar Dates and contains information

regarding who must file a Proof of Claim; the procedure for filing a Proof of Claim, and the consequences for failing to timely file a Proof of Claim. The Debtors request that the Court enter an order approving the use of a bar date notice in a form substantially similar to the Bar Date Notice attached as Exhibit C.

WHEREFORE, the Debtors request entry of an order: (i) granting this Motion; (ii) establishing 5:00 p.m. (Eastern) on March 31, 2021, as the last date by which proofs of claim and requests for payment of administrative expense claims under Section 503(b)(9) of the Bankruptcy Code must be filed by all non-governmental units (iii) establishing 5:00 p.m. (Eastern) on April 11, 2021, as the last date by which proofs of claim and requests for payment of administrative expense claims under Section 503(b)(9) of the Bankruptcy Code must be filed by any governmental units approving of the form of the Proof of Claim; (iv) approving of the form of the Bar Date Notice; and (v) granting such other and further relief as may be just and proper.

This 5th day of February, 2021.

SCROGGINS & WILLIAMSON, P.C.

By:   /s/ Ashley R. Ray
        J. ROBERT WILLIAMSON
4401 Northside Parkway        Georgia Bar No. 765214
Suite 450         ASHLEY REYNOLDS RAY
Atlanta, Georgia 30327      Georgia Bar No. 601559
T: (404) 893-3880
F: (404) 893-3886
E: rwilliamson@swlawfirm.com
  aray@swlawfirm.com       *Counsel for the Debtors*

## Exhibit A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | **CHAPTER 11** |
| | ) | |
| **VIRGINIA-HIGHLAND RESTAURANT,** | ) | **Jointly Administered Under** |
| **LLC and RESTAURANT 104 LLC,** | ) | **CASE NO. 20-70718-bem** |
| | ) | |
| Debtors. | ) | |

**ORDER GRANTING MOTION (A) TO ESTABLISH A BAR DATE FOR FILING
PROOFS OF CLAIM INCLUDING REQUESTS FOR PAYMENT OF
ADMINISTRATIVE EXPENSE CLAIMS UNDER 11 U.S.C. § 503(b)(9); (B) FOR
APPROVAL OF BAR DATE NOTICE AND PROOF OF CLAIM FORM; AND (C) FOR
<u>APPROVAL OF OTHER PROCEDURES</u>**

This matter is before the Court on the Motion filed by the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), dated February 5, 2021, for an order (i) establishing a deadline for filing proofs of claim, (ii) approving a bar date notice, (iii) approving a proof of claim form, and (iv) authorizing other procedures (the "**Motion**"). Capitalized terms used but not defined in this Order shall have the meanings ascribed to such terms in the Motion.

The Court has considered the Motion and the record in the case. It appears that the Court has jurisdiction over this proceeding; that this is a core proceeding; that the establishment of a date by which claims must be asserted against the Debtors is in accordance with the authority granted to this Court by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure and is necessary for the prompt and efficient administration of the Bankruptcy Case; that notification of the relief granted by this Order in the manner proposed by the Debtors, as set forth herein, is fair and reasonable and will provide good, efficient, and proper notice to all creditors of their rights and obligations in connection with claims they may have against the Debtors; that the relief sought

in the Motion is in the best interests of the Debtors, their estates, and their creditors; and that good and sufficient cause exists for such relief.

ACCORDINGLY, IT IS HEREBY ORDERED AS FOLLOWS:

1.      The Motion is GRANTED as set forth herein.

2.      Each person or entity (including, without limitation, each governmental unit, individual, partnership, joint venture, corporation, estate, and trust) that asserts a claim (as defined in Section 101(5) of the Bankruptcy Code) against one or more of the Debtors (a) that arose prior to October 13, 2020 (the "**Petition Date**"); (b) for payment pursuant to 11 U.S.C. § 503(b)(9) based on the value of goods received by one or more of the Debtors within twenty (20) days prior to the Petition Date; and/or (c) that arises from the rejection of an executory contract or unexpired lease (unless otherwise provided in the order rejecting such contract or lease) shall file an original, written proof of such claim that substantially conforms to the form attached as **Exhibit 1** hereto (the "**Proof of Claim**").

3.      All Proofs of Claim must be filed with the Clerk of the Bankruptcy Court, on or before (a) **5:00 p.m. (Eastern) on March 31, 2021**, for claims asserted by all non-governmental units or (b) **5:00 p.m. (Eastern) on April 11, 2021**, for claims asserted by any governmental units, at the following address:

Clerk, United States Bankruptcy Court
Suite 1340
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303

4.      **Proofs of Claim shall be deemed timely filed only if <u>actually</u> <u>received</u> by the Clerk on or before 5:00 p.m. (Eastern) on the applicable Bar Date.**

5.      The following persons or entities are <u>not</u> required to file a Proof of Claim on or before the Bar Date:

(a)      any person or entity that has already properly filed with the Clerk of the Court a proof of claim using a claim form that substantially conforms to Form B10 (Official Form No. 10);

(b)      any person or entity: (i) whose claim is listed on the Debtors' Schedules; (ii) whose claim is not described as "unknown," "disputed," "contingent" or "unliquidated;" <u>and</u> (iii) who does not dispute the amount or priority of its claim as set forth in the Debtors' Schedules;

(c)      any person asserting a claim under Section 507(a)(2) of the Bankruptcy Code as an administrative expense of the Debtors' Chapter 11 cases, **<u>EXCEPT</u>** for those parties asserting a claim pursuant to 11 U.S.C. § 503(b)(9), which claims must be filed as set forth herein;

(d)      any director, officer or employee of the Debtors as of the Petition Date that has or may have claims against one or more of the Debtors for indemnification, contribution, subrogation or reimbursement; and

(e)      any person or entity that holds a claim arising prior to the Petition Date that has been allowed by an order of the Court entered on or before the Bar Date.

6.      To be properly filed pursuant to this Order, each Proof of Claim shall:  (i) be signed, (ii) be written in the English language; (iii) be denominated in lawful currency of the United States; (iv) conform substantially to the proof of claim form attached hereto as **Exhibit 1**; and (v) be submitted with copies of any supporting documents (or a summary if voluminous) or an explanation of why any such documentation is not available.

7.      Any person or entity required to file a Proof of Claim in the form and manner specified by this Order and that fails to do so on or before 5:00 p.m. (Eastern) on the applicable Bar Date shall not, with respect to such claim, be treated as a creditor of the Debtors for the purpose of voting upon any plan(s) of reorganization for the Debtors; shall not receive or be entitled to receive any payment or distribution of property from the Debtors, their estates, or their successors

or assigns with respect to such claim; and shall be barred from asserting such claim against the Debtors, their estates, or their successors or assigns.

8.      Notice of the entry of this Order and of the Bar Dates in a form substantially similar to the notice attached hereto as **Exhibit 2** (the "**Bar Date Notice**"), which notice is hereby approved in all respects, constitutes good, adequate and sufficient notice if it is served, together with the Proof of Claim form attached hereto as **Exhibit 1,** which Proof of Claim form is hereby approved in all respects, by being deposited in the United States mail, first-class postage prepaid, promptly following entry of this Order upon:

(a)     the Office of the United States Trustee;

(b)     all parties shown on the Debtors' creditor matrix filed with the Clerk on the Petition Date;

(c)     all known potential holders of claims listed on the Debtors' Schedules at the addresses stated therein;

(d)     the Internal Revenue Service at its designated address for service; and

(e)     all parties that have filed a request for notices in the case.

9.      Nothing in this Order shall prejudice the right of the Debtors or any party in interest to dispute, or to assert offsets or defenses to, any claim reflected on the Debtors' Schedules as to amount, liability, classification or otherwise, and to subsequently designate any claim as disputed, contingent or unliquidated.

10.     The Debtors are hereby authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

11.     The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**[END OF DOCUMENT]**

Prepared and presented by:

SCROGGINS & WILLIAMSON, P.C.


By: _____
      J. ROBERT WILLIAMSON
      Georgia Bar No. 765214
      ASHLEY REYNOLDS RAY
      Georgia Bar No. 601559

4401 Northside Parkway
Suite 450
Atlanta, Georgia 30327
T: (404) 893-3880
F: (404) 893-3886
E: rwilliamson@swlawfirm.com
   aray@swlawfirm.com

*Counsel for the Debtors*

## Exhibit B

**Proof of Claim Form**

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

Debtors:         ☐ VIRGINIA- HIGHLAND RESTAURANT, LLC, Case No. 20-70718
(check which   ☐ RESTAURANT 104, LLC, Case No. 20-70720
one applies)

United States Bankruptcy Court for the Northern District of Georgia,
Atlanta Division

## Modified Form 410
# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Other than a claim under 11 U.S.C. § 503(b)(9), this form should not be used to make a claim for an administrative expense arising after the commencement of the case.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies or any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor(s) _____

Corporate Tax ID _____

**2. Has this claim been acquired from someone else?**

☐ No

☐ Yes.   From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name _____

Number     Street _____

City               State          ZIP Code _____

Country _____

Contact phone _____

Contact email _____

Where should payments to the creditor be sent? (if different)

Name _____

Number     Street _____

City               State          ZIP Code _____

Country _____

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☐ No

☐ Yes. Claim number on court claims registry (if known) _____     Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No

☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---------|----------------------------------|

**6. Do you have any number you use to identify the debtor(s)?**

☐ No

☐ Yes. Last 4 digits of the debtors' account or any number you use to identify the debtor(s):  ___ ___ ___ ___

---

**7. How much is the claim?**

$ _____.  **Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

---

**9. Is all or part of the claim secured?**

☐ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate: If the claim is secured by a debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                              $_____

Amount of the claim that is secured:          $_____

Amount of the claim that is unsecured:   $_____ (The sum of the secured and unsecured amount should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:      $_____

Annual Interest Rate (when case was filed)_____%

☐ Fixed

☐ Variable

---

**10. Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**      $_____

---

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

---

| | | |
|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br><br>☐ Yes. *Check all that apply:* | **Amount entitled to priority** |

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).     $_____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).     $_____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).     $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).     $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).     $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.     $_____

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

**13. Is all or part of this claim entitled to allowance as an administrative expense pursuant to 11 U.S.C. §503(b)(9)**

☐ No

☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor(s) within 20 days before the date of commencement of the above cases, in which the goods have been sold to the Debtor(s) in the ordinary course of such Debtor's business. Attach documentation supporting such claim, including but not limited to relevant invoices and confirmation of delivery including delivery date.

For each delivery of goods received by one or more of the Debtors between September 23, 2020 and October 13, 2020, please state the following:

(Attach additional pages as needed)

| | Date each shipment left claimant's loading dock, factory, warehouse, pier, etc. | Date each shipment delivered to Debtors' facility | Amount of Claim for each shipment | All available documents relating to each shipment are attached to this Request Form (Yes/No) |
|---|---|---|---|---|
| 1 | | | | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | |
| | | **Total Claim:** | | |

Modified Form 410

**Proof of Claim**
page 3

| Part 3: | Sign Below |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
                   MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name _____
        First name          Middle name          Last name

Title _____

Company _____
           Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
           Number        Street

_____
City                    State        ZIP Code        Country

Contact phone _____          Email _____

---

**COMPLETED PROOF(S) OF CLAIM SHOULD BE SENT TO THE FOLLOWING ADDRESS BY MAIL, OVERNIGHT OR HAND DELIVERY:**

Clerk, United States Bankruptcy Court
Suite 1340
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303

**Proof of Claim**
page 4

## Modified Form 410
# Instructions for Proof of Claim

United States Bankruptcy Court                                                                          04/19

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

---

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
18 U.S.C. §§ 152, 157 and 3571

---

## How to fill out this form

■ **Fill in all of the information about the claim as of the date the case was filed.**

■ **Fill in the caption at the top of the form**

■ **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

■ **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

■ **Do not attach original documents because attachments may be destroyed after scanning.**

■ **If the claim is based on delivery health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

**PLEASE SEND COMPLETED PROOF(S) OF CLAIM TO:**

Clerk, United States Bankruptcy Court
Suite 1340
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303

■ **A** *Proof of Claim* **form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

■ **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child (John Doe, parent, 123 Main St., City, State)*. See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing that bankruptcy estate. 11 U.S.C. § 503

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business.  Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received.
11 U.S.C. §101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Do not file these instructions with your form.**

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtors. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtors. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## <u>Exhibit C</u>

**Bar Date Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | **CHAPTER 11** |
| | ) | |
| **VIRGINIA-HIGHLAND RESTAURANT,** | ) | **Jointly Administered Under** |
| **LLC and RESTAURANT 104 LLC,** | ) | **CASE NO. 20-70718-bem** |
| | ) | |
| Debtors. | ) | |

**NOTICE REQUIRING FILING OF PROOFS OF CLAIM
INCLUDING REQUESTS FOR PAYMENT OF ADMINISTRATIVE
EXPENSE CLAIMS UNDER 11 U.S.C. § 503(b)(9)**

**TO ALL CREDITORS AND PARTIES IN INTEREST OF VIRGINIA-HIGHLAND RESTAURANT, LLC and RESTAURANT 104 LLC, PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      On October 13, 2020, (the "**Petition Date**"), the Debtors each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to operate their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2.      No request has been made for the appointment of a trustee or examiner, and no committee has been appointed in this Case.

3.      On February [____], 2020, the Court entered an order (the "**Bar Date Order**") establishing (a) **5:00 p.m. (Eastern) on March 31, 2021**, for claims asserted by all non-governmental units or (b) **5:00 p.m. (Eastern) on April 11, 2021**, for claims asserted by any governmental units, as the last date for the filing of proofs of claim, including any requests for payment of administrative expense claims under 11 U.S.C. § 503(b)(9) and claims arising from rejection of an executory contract or unexpired lease (unless the rejection order provides otherwise) against one or more of the Debtors (the "**Bar Dates**").

4.      Pursuant to the terms of the Bar Date Order, other than the parties listed in the exceptions outlined in Paragraph 9 below, each person or entity (including, without limitation, each governmental unit, individual, partnership, joint venture, corporation, estate, and trust) that wishes to assert a claim against the Debtors arising or deemed to have arisen prior to the Petition Date, including claims arising from the rejection of an executory contract or unexpired lease (unless otherwise stated in the order authorizing rejection), or any person or entity asserting a claim for payment pursuant to 11 U.S.C. § 503(b)(9) based on the value of goods received by one or more of the Debtors within twenty (20) days prior to the Petition Date, is required to file an original, separate, completed and executed proof of claim (a "**Proof of Claim**") with the Clerk of the Bankruptcy Court, on or before (a) **5:00 p.m. (Eastern) on March 31, 2021**, for claims asserted

- 2 -

by all non-governmental units or (b) **5:00 p.m. (Eastern) on April 11, 2021**, for claims asserted by any governmental units, at the following address:

Clerk, United States Bankruptcy Court
Suite 1340
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303

**Proofs of Claim shall be deemed timely filed only if <u>actually</u> <u>received</u> by the Clerk on or before 5:00 p.m. (Eastern) on the applicable Bar Date.**

5.      For purposes of the Bar Date Order and this notice, the term "claim" means:  (i) any right to payment, whether or not such right is reduced to judgment, liquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (ii) right to an equitable remedy for breach or performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

6.      Acts or omissions of the Debtors that occurred prior to the Petition Date, including any acts or omissions related to any indemnity agreements, guarantees or services provided to or by the Debtors, may give rise to claims against the Debtors notwithstanding the fact that such claims (or the injuries on which they are based) may be contingent or may not have matured or become fixed or liquidated prior to such date.   Therefore, any creditor having a claim or potential claim against one or more of the Debtors, no matter how remote or contingent, must file a proof of claim on or before 5:00 p.m. (Eastern) on the applicable Bar Date.

7.      Any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection on or before 5:00 p.m. (Eastern) on the applicable Bar Date, unless otherwise stated in the order authorizing such rejection.

8.      Any person or entity that holds a claim that arises from the delivery of goods to the Debtors within the twenty days prior to the Petition Date pursuant to 11 U.S.C. § 503(b)(9) must file a Proof of Claim based on such claim on or before 5:00 p.m. (Eastern) on the applicable Bar Date.

9.      Notwithstanding the foregoing, the following persons and entities need <u>not</u> file a proof of claim by the Bar Date:

(a)      any person or entity that has already properly filed with the Clerk of the Court a proof of claim using a claim form that substantially conforms to Form B10 (Official Form No. 10);

(b)      any person or entity: (i) whose claim is listed on the Debtors' Schedules; (ii) whose claim is not described as "unknown," "disputed," "contingent" or "unliquidated;" <u>and</u> (iii) who does not dispute the amount or priority of its claim as set forth in the Debtors' Schedules;

- 3 -

(c)      any person asserting a claim under Section 507(a)(2) of the Bankruptcy Code as an administrative expense of the Debtors' Chapter 11 cases, **EXCEPT** for those parties asserting a claim pursuant to 11 U.S.C. § 503(b)(9), which claims must be filed as set forth herein;

(d)      any director, officer or employee of the Debtors as of the Petition Date that has or may have claims against one or more of the Debtors for indemnification, contribution, subrogation or reimbursement; and

(e)      any person or entity that holds a claim arising prior to the Petition Date that has been allowed by an order of the Court entered on or before the Bar Date.

10.      Any person or entity that is required to file a timely Proof of Claim in the form and manner specified by the Bar Date Order and that fails to do so on or before 5:00 p.m. (Eastern) on the applicable Bar Date shall not, with respect to such claim, be treated as a creditor of the Debtors for the purpose of voting upon any plan(s) of reorganization for the Debtors; shall not receive or be entitled to receive any payment or distribution of property from the Debtors, their estates, or their successors or assigns with respect to such claim; and shall be barred from asserting such claim against the Debtors, their estates, or their successors or assigns.

11.      Each Proof of Claim filed must:  (i) be signed; (ii) be written in the English language; (iii) be denominated in lawful currency of the United States; (iv) conform substantially to the Proof of Claim form attached hereto; and (v) be submitted with copies of any supporting documents (or a summary if voluminous) or an explanation of why any such documentation is not available.

12.      Holders of claims against the Debtors are listed in the Debtors' Schedules of Assets and Liabilities (the "**Schedules**").  Copies of the Debtors' Schedules and the Bar Date Order are available for inspection during regular business hours at the office of the Clerk of the Court, United States Bankruptcy Court, Room 1340, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303.

13.      **THE FACT THAT YOU RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM AGAINST THE DEBTORS.  YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST ONE OR MORE OF THE DEBTORS.  YOU SHOULD CONSULT WITH YOUR OWN ATTORNEY IF YOU HAVE QUESTIONS, SUCH AS TO WHETHER YOU HOLD A CLAIM AND WHETHER YOU SHOULD FILE A PROOF OF CLAIM.**

This _____ day of February, 2021.

SCROGGINS & WILLIAMSON, P.C.

4401 Northside Parkway                    _____
Suite 450                                 J. ROBERT WILLIAMSON
Atlanta, Georgia 30327                    Georgia Bar No. 765214
T: (404) 893-3880                         ASHLEY R. RAY
F: (404) 893-3886                         Georgia Bar No. 601559
E: rwilliamson@swlawfirm.com
    aray@swlawfirm.com                    *Counsel for the Debtors*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this date, a true and correct copy of the within and foregoing *Motion (A) to Establish a Bar Date For Filing Proofs of Claim Including Requests For Payment of Administrative Expense Claims Under 11 U.S.C. § 503(B)(9); (B) For Approval of Bar Date Notice and Proof of Claim Form; and (C) For Approval of Other Procedures* was served by the Court's CM/ECF system on all counsel of record registered in this case through CM/ECF.

This 5th day of February, 2021.

SCROGGINS & WILLIAMSON, P.C.

By:    /s/ Ashley R. Ray
       J. ROBERT WILLIAMSON
       Georgia Bar No. 765214
       ASHLEY REYNOLDS RAY
       Georgia Bar No. 601559

4401 Northside Parkway
Suite 450
Atlanta, Georgia 30327
T: (404) 893-3880
F: (404) 893-3886
E: rwilliamson@swlawfirm.com
   aray@swlawfirm.com

*Counsel for the Debtors*